# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY N. BESCHORNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-00379-NJR |
| ) | |
| STEPHANIE WAGGONER, ) | |
| and JAMES BALDWIN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Stanley Beschorner is a former inmate of the Illinois Department of Corrections ("IDOC"). He filed this civil rights action pursuant to 42 U.S.C. § 1983 after he was released from prison on parole.[1] Plaintiff claims that IDOC officials miscalculated his sentence and delayed his release from Vandalia Correctional Center ("Vandalia") by 85 days. (Doc. 1). In connection with this claim, Plaintiff names James Baldwin (IDOC director) and Stephanie Waggoner (prison warden) as defendants. (Doc. 1, p. 1). He seeks monetary damages. (Doc. 1, p. 6).

Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") under 28 U.S.C. § 1915. (Doc. 2). Because he was on parole when he filed this action, Plaintiff was not a "prisoner," as that term is defined under the *in forma pauperis* statute. *See* 28 U.S.C.

---

[1] According to the inmate locator on the IDOC website (www.illinois.gov/idoc/offender), Plaintiff's parole date was January 4, 2018. *See Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). Although he signed the Complaint (Doc. 1, p. 6), Motion for Leave to Proceed *in forma pauperis* (Doc. 2, p. 2), and Motion to Appoint Counsel (Doc. 3, p. 2) prior to this date on December 23, 2017, Plaintiff did not file the action until seven weeks later on February 14, 2018. Apparently in anticipation of his release, Plaintiff listed a private address on his Complaint and the same address on the envelope he used to mail the documents to the Court on February 12, 2018. (Doc. 1, pp. 1, 7-8).

1

§ 1915(h). Section 1915(h) defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Even so, a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

The Court is *required* by 28 U.S.C. § 1915(e)(2) to deny IFP and dismiss the Complaint at any time, however, if: (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. *Luevano v. Wal–Mart Stores, Inc.,* 722 F.3d 1014, 1018 (7th Cir. 2013). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the

factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

For the reasons set forth below, the Court will deny the IFP Motion and dismiss the Complaint. Plaintiff will have an opportunity to renew his request for IFP, however, by filing an updated IFP Motion. He also will have an opportunity to re-plead his claims by filing an amended complaint.

**1.     IFP Motion**

Plaintiff did not submit a complete IFP application. (Doc. 2). He answered most questions in the application from the standpoint of an incarcerated person, despite the fact that he filed this lawsuit six weeks after he was released on parole. For example, Plaintiff disclosed income of $15.00 per month as an inmate porter. (Doc. 2, p. 1). He disclosed withdrawals from his institutional trust fund account "only for commissary purpose[s]." (Doc. 2, p. 2). Unfortunately, however, he did not provide a copy of his trust fund account statement or information about his trust fund balance, citing the fact that he was "released." (Doc. 2, p. 1). In his Motion for Recruitment of Counsel, Plaintiff indicated that his financial status has changed and warrants an amendment to his IFP application. (Doc. 3, p. 2). Again, however, he did not provide the Court with an amended application. Further, Plaintiff described himself in the Complaint as a "potential employee of Peoria Tube Forming Corp." (Doc. 1, p. 6). Plaintiff indicates that he made $18.60 per hour when he worked there prior to his incarceration and seeks this amount as compensation for the 85 days he was held beyond his correct parole date. *Id*. If he was employed there—or anywhere else—after being released on parole, Plaintiff should have disclosed this information.

Given his omission of all post-release financial information in the IFP application, the Court is unable to determine whether Plaintiff was indigent on February 14, 2018. For this reason, the IFP Motion shall be denied without prejudice. Plaintiff may either resubmit a properly completed IFP Motion or prepay the full $400.00 filing fee for this action within 28 days, if he wishes to proceed. Failure to do one or the other shall result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**2.      Dismissal of Complaint Under § 1915(e)(2)**

The Complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (mandating denial of IFP and dismissal of complaint under circumstances that include the failure to state a claim for relief). According to the allegations in the Complaint, Plaintiff was convicted of driving with a revoked license in Woodford County Case Nos. 15-CF-166 and 16-CF-86. (Doc. 1, p. 4). He was sentenced to 18 months in IDOC custody and received 84 days of credit for time served in Woodford County Case No. 15-CF-166. (Doc. 1, pp. 4, 10). He received a sentence of 18 months in IDOC custody, 85 days of credit for time served, and one year of mandatory supervised release in Woodford County Case No. 16-CF-86. *Id*. Plaintiff served his sentence at Vandalia beginning on October 18, 2016. (Doc. 1, p. 5).

Plaintiff alleges that IDOC officials failed to follow the state court's sentencing order when calculating his sentence. (Doc. 1, p. 4). Approximately two months after he arrived at Vandalia, Plaintiff learned that he was only given credit for 85 days, when he should have received credit for 85 days against one sentence and 84 days against the other. (Doc. 1, p. 5). When Plaintiff attempted to address the matter through the grievance process, he was initially unsuccessful. *Id*. The Administrative Review Board ("A.R.B.") allegedly denied his grievance and appeal as untimely. *Id*.

Plaintiff filed a motion seeking clarification of the sentencing order in state court, and a hearing was scheduled on April 25, 2017. (Doc. 1, pp. 15-23). The trial judge explained that he "entered an order indicating that the two consecutive sentences imposed upon [Plaintiff] are to be – are to run consecutive as the order previously states, and that the credit afforded to [Plaintiff] for time previously served shall also be calculated in that manner, i.e., as two separate sentences." (Doc. 1, pp. 12, 17).

Plaintiff filed what appears to be a second round of grievances beginning on or around September 20, 2017. (Doc. 1, p. 9). In a response dated September 22, 2017, a prison grievance counselor indicated that the IDOC was in the process of seeking clarification from the court and could not resolve the grievance at that time. *Id*. On November 7, 2017, Plaintiff's appeal was subsequently denied because it was still considered untimely and because Plaintiff provided no additional "justification . . . for additional consideration" by the A.R.B. (Doc. 1, p. 11). This was despite the fact that the A.R.B. was in possession of the state court's order and transcript dated April 25, 2017. (Doc. 1, pp. 12-23).

Plaintiff filed this action for money damages against IDOC Director Baldwin and Warden Waggoner on February 14, 2018. (Doc. 1, pp. 1, 6). In the Complaint, Plaintiff alleges that he was denied credit for a full 85 days of time served, due to the sentencing miscalculation by IDOC officials at Vandalia. (Doc. 1, p. 6). The IDOC inmate locator (www.illinois.gov/idoc/offender) indicates that Plaintiff was released on January 4, 2018. *See also Bova, N.A.,* 446 F. Supp. 2d at 930, n.2.

A threshold inquiry in every action brought pursuant to 42 U.S.C. § 1983 is: (1) whether the complained of conduct was committed by a person who was acting under color of state law; and (2) whether the conduct deprived the plaintiff of rights, privileges, or immunities guaranteed

by the Constitution. *Toney-El v. Franzen*, 777 F.2d 1224, 1226 (7th Cir. 1985) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). These two elements are essential in any § 1983 action and must be satisfied before a plaintiff can proceed with a claim.

The Complaint does not satisfy the first requirement. Plaintiff names Director Baldwin and Warden Waggoner as the only defendants in this action. Unfortunately, however, he fails to mention them anywhere in the statement of his claim. Given this omission, it is unclear what, if any, role each defendant played in the miscalculation of his sentence, and he complains of no flaw in the procedures used to calculate it.

Merely invoking the name of a potential defendant in the caption of a Complaint is not sufficient to state a claim against that individual under § 1983. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Liability hinges on personal responsibility for the deprivation of a constitutional right. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Id*. Therefore, Plaintiff cannot state a claim against Director Baldwin and Warden Waggoner simply because they supervised the individuals who violated his constitutional rights. Instead, Plaintiff must set forth allegations which suggest that each defendant was "personally responsible for the deprivation of a constitutional right." *Id.* He has not done so. Plaintiff's failure to mention the defendants anywhere in the statement of his claim provides grounds for their dismissal.

The Complaint also fails to satisfy the second requirement of a § 1983 action because the Court is unable to find that either defendant's conduct violated Plaintiff's constitutional rights. Claims brought under § 1983 to address sentence miscalculations or prolonged detention generally arise under the Eighth and/or Fourteenth Amendment. The Eighth Amendment prohibits cruel and unusual punishment. The Fourteenth Amendment prohibits governmental

officials from depriving a person of life, liberty, or property without due process of law. There are two kinds of due process: procedural and substantive.

Procedural due process protections are triggered when a protected liberty interest is at stake. Prisoners have a liberty interest in being released on time, in conformity with their sentence and other relevant laws. *Toney-El*, 777 F.2d at 1226 (plaintiff had constitutionally protected liberty interest in being released from prison for good behavior); *see also Figgs v. Dawson*, 829 F.3d 895, 906 (7th Cir. 2016) (same). Assuming a protected liberty interest is at stake, the question becomes whether Plaintiff is "challenging the mistakes made by state employees" or "the state procedures by which those mistakes were made." *Toney-El*, 777 F.2d at 1227. If the claim falls into the former category, the court must consider whether the plaintiff had adequate post-deprivation remedies under state law before finding a due process violation. *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). *See also Willis v. Tejeda*, 2016 WL 6822662, at *4 (N.D. Ill. 2016) (citing *Figgs*, 829 F.3d at 907; *Russell v. Lazar*, 300 F. Supp. 2d 716, 720 (E.D. Wis. 2004)). If it falls into the latter category, the court does not need to consider whether adequate post-deprivation remedies were available before finding a due process violation. *Id*.

Substantive due process protects against arbitrary or wrongful government actions, "regardless of the fairness of the procedures used to implement them." *See Perrault v. Wisconsin*, 2015 WL 5032656 at *2 (W.D. Wis. 2015) (citations omitted). Where a claim is covered by a more specific constitutional provision, however, such as the Eighth Amendment, the Supreme Court has held that the claim must be analyzed under the standard appropriate to that specific provision instead of substantive due process. *Id*. (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998); *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Childress v.*

*Walker*, 787 F.3d 433, 438 (7th Cir. 2015)). Under the Eighth Amendment standard, the Seventh Circuit has held that prolonged detention of a prisoner beyond the term of his sentence may rise to the level of cruel and unusual punishment. *Childress*, 787 F.3d at 439; *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). But Plaintiff also must demonstrate that each of the defendants acted with deliberate indifference when subjecting him to extended confinement. Under both the substantive due process clause and the Eighth Amendment, a mistake in the calculation of a prisoner's sentence generally falls short of a § 1983 deprivation. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (due process clause not implicated by negligent act of official causing unintended loss of liberty); *Campbell*, 256 F.3d at 700 ("[T]he courts that have recognized this problem have been careful to note that the extended incarceration must also be the product of deliberate indifference before a constitutional violation, as opposed to an error of state law, is implicated."). Deliberate indifference is shown when prison officials are aware of a sentencing miscalculation and the risk of unwarranted punishment, but still fail to act. *Perrault*, 2015 WL 5032656 at *3 (citing *Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993); *Sample v. Diecks*, 885 F.2d 1099, 1108-09 (3d Cir. 1989)).

Given that Plaintiff set forth no allegations describing the defendant's conduct or the nature of the claims against them, the Court finds that the Complaint fails to state a claim upon which relief may be granted. Denial of the IFP Motion and dismissal of the Complaint are warranted under § 1915(e)(2). But Plaintiff shall have an opportunity to file another IFP Motion and a First Amended Complaint, if he wishes to proceed with this action. He is bound by the deadline and instructions in the below disposition.

## Pending Motion

Plaintiff's Motion to Appoint Counsel (Doc. 3) is **DENIED**. Plaintiff has not yet established that he is indigent. He also failed to disclose any efforts to recruit counsel on his own before seeking the Court's help. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (requiring a plaintiff to first demonstrate reasonable efforts to find counsel before requesting the Court's assistance)). Further, he did not offer any other reason why he is unable to represent himself in this matter, such as educational, language, medical, or mental health barriers. Plaintiff's Complaint and other pleadings are organized and coherent. At this time, he appears capable of litigating this matter *pro se*. Although the Motion is denied, the Court remains open to any future requests for counsel that Plaintiff would like to file in this case.

## Disposition

**IT IS HEREBY ORDERED** that the Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED** and the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

**IT IS ORDERED** that Defendants **JAMES BALDWIN** and **STEPHANIE WAGGONER** are **DISMISSED** from this action without prejudice.

**IT IS ORDERED** that, should he wish to proceed with this case, Plaintiff must: (1) file a Motion for Leave to Proceed *in forma pauperis* that includes his updated financial information or prepay the full $400.00 filing fee for this action no later than **March 26, 2018**; and (2) file a First Amended Complaint by the same deadline of **March 26, 2018**. Failure to comply with this deadline or the instructions set forth in this Order shall result in dismissal of this action with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED.

R. Civ. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.,* 18-cv-00379-NJR). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his amended complaint. Claims against different defendants that are unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review under 28 U.S.C. § 1915(e)(2), and no service shall be ordered on any defendant until the Court completes this review.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[2] remains due and payable,

---

[2] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See*

regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his updated Motion for Leave to Proceed *in forma pauperis* and First Amended Complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank IFP motion and civil rights complaint form, as well as a motion for recruitment of counsel.

**IT IS SO ORDERED.**

**DATED: February 26, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.