# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY N. BESCHORNER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-cv-00379-NJR ) |
| STEPHANIE WAGGONER and JAMES BALDWIN, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Stanley Beschorner is a former inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Illinois Department of Corrections' director and Vandalia Correctional Center's warden. (Doc. 1). In the Complaint, Plaintiff claims that his release from prison was delayed by 85 days due to a sentence calculation error by prison officials. *Id.* In connection with his claim of excessive confinement, Plaintiff requests monetary relief. *Id.*

Plaintiff failed to set forth allegations against the named defendants in the statement of his claim. As a result, the Complaint did not survive screening under 28 U.S.C. § 1915(e)(2). On February 26, 2018, the Court denied Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") and dismissed the Complaint. (Doc. 5). *See Luevano v. Wal–Mart Stores, Inc.,* 722 F.3d 1014, 1018 (7th Cir. 2013) (district court is required by § 1915(e)(2) to deny IFP and dismiss the Complaint at any time the allegation of poverty is untrue, the action is frivolous, the action fails to state a claim, or the action seeks monetary relief against an immune defendant). However, Plaintiff was granted leave to file a First Amended Complaint and either renew his request for IFP or prepay the filing fee for this action on or before March 26, 2018.

1

(Doc. 5, pp. 9-10). He was warned that failure to do so by the deadline would result in dismissal of the action with prejudice. *Id*. (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)).

To date, Plaintiff has not filed a First Amended Complaint. He has not renewed his IFP Motion or paid the filing fee for this action. More than a week has now passed since the deadline expired, and Plaintiff has not requested an extension of the deadline.

The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice based on Plaintiff's failure to comply with an Order of this Court (Doc. 5, pp. 9-10) and failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). Plaintiff incurred the obligation to pay a filing fee for this action when he filed this case, and his obligation to pay the full filing fee survives dismissal of this matter.

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with this Court's Order to file a First Amended Complaint and renew his request for IFP or pay the filing fee for this action no later than March 26, 2018. (Doc. 5, pp. 9-10). *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

**IT IS ALSO ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $400.00 remains due and payable. *See Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to

appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 3, 2018**

s/ NANCY J. ROSENSTENGEL<br>
**District Judge**<br>
**United States District Court**